SOLÁ, PLAINTIFF AND APPELLANT, *v.* ALEJANDRO ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
of Intervention.

No. 2376—Decided July 20, 1922.

CONTINUANCE—ILLNESS OF WITNESS—VERIFIED MOTION.—Although a party mov-
ing for a continuance on the ground that one of the witnesses was ill, which
he proved, does not do so by means of a written and verified motion as re-
quired by section 202 of the Code of Civil Procedure, the continuance should
be granted if from the pleadings and the record it appears that the testimony
is important and material.

The facts are stated in the opinion.

*Mr. J. Vendrell* for the appellant.

*Messrs. L. Fereyó* and *F. González* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In execution of the judgment rendered in an action
brought by Juan Alejandro against Luther R. Bostick or his
heir, Abigail Bostick Alejandro, the marshal levied on four
head of cattle in the possession of Juan Solá. Juan Solá
filed a complaint in intervention, alleging that he was the
owner of the cattle by purchase from Albert Walker. Only
Juan Alejandro answered the complaint and he denied that
the intervenor was or ever had been the owner of the cattle,
and also that Albert Walker had ever owned them.

After a trial of the case judgment was rendered against
the intervenor, who took the present appeal.

The first ground alleged for a reversal of the judgment
is that the trial court refused to grant a continuance moved
for by the intervenor.

When the case was called for trial the intervenor moved
for a continuance on the ground that Walker, his principal
witness, was ill, and presented a certificate signed by Dr.
W. F. Lippitt, dated at San Juan on the previous day and
sworn to on that day before a notary of Caguas, to the effect

that M. A. Walker was ill and unable to appear before the court of Humacao in response to the subpoena.

It is true that the granting of a continuance is discretional with the court and that according to section 202 of the Code of Civil Procedure a motion therefor must be made upon affidavit showing the materiality of the evidence and that due diligence had been used to procure it, but in this case the certificate signed and sworn to by Dr. Lippitt proved the illness of witness Walker and his inability to attend the trial at Humacao; and although it was not shown in writing and under oath that his testimony was material, this was not necessary in the present case, because it so appears from the pleadings filed by the parties, inasmuch as the intervenor bases his claim to the cattle on his purchase of them from Walker, an allegation which is denied by defendant Alejandro, who also denied that Walker was the owner of the cattle. Therefore, as the record itself discloses the importance of this witness and his inability to attend the trial, the court should have granted a continuance in the proper exercise of the discretional power conferred upon it by law.

The evidence examined at the trial showed that Walker was a material witness and that without him the intervenor could not establish his claim, for Joaquin Rojas testified that he sold the cattle to intervenor Solá under the direction of Walker, to whom he delivered the money, and who had a power of attorney from the person who had purchased them from Luther R. Bostick, the ancestor of the defendant heir whose property was levied on.

The judgment appealed from is reversed and a new trial is granted.

*Reversed and remanded.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.